Zheng v. Barr

BIA
Leeds, IJ
A087 798 604

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand twenty.

PRESENT:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges.[1]*

_____

ZHE HUI ZHENG,
> *Petitioner,*

> v.                                                     17-4008
>                                                        NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Adedayo O. Idowu, New York, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant
                           Attorney General; Linda S.
                           Wernery, Assistant Director;
                           Gerard M. Alexander, Trial
                           Attorney, Office of Immigration

---

[1] Judge Christopher F. Droney, who was originally assigned to the panel, retired from the Court, effective January 1, 2020, prior to the resolution of this case. The remaining two members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhe Hui Zheng, a native and citizen of the People's Republic of China, seeks review of a December 1, 2017, decision of the BIA affirming an April 5, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhe Hui Zheng,* No. A087 798 604 (B.I.A. Dec. 1, 2017), *aff'g* No. A087 798 604 (Immig. Ct. N.Y. City Apr. 5, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all

2

relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the adverse credibility determination.

We defer to the IJ's demeanor finding, which is supported by the record.  *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).  The IJ noted that Zheng's responses on cross examination were inaudible and that he paused for long periods before answering.  The record supports this finding as it reflects that the IJ instructed Zheng multiple times to speak louder and warned him that his whispers and pauses might call for a negative demeanor

3

finding. Moreover, as discussed below, "[w]e can be still more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

An inconsistency among Zheng's statements about his father's presence in China at the time of Zheng's alleged arrest and his subsequent admission that he and his mother made false statements provide substantial evidence for the adverse credibility determination. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007)("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Zheng's application, his mother's letter, and his initial testimony all asserted that Zheng's father was in China at the time of Zheng's arrest and was involved in paying Zheng's bail and taking him to the hospital after his detention. When asked at the hearing, he asserted that his father had never lived in the United States. However, when presented with evidence that his father had lived in the United States, Zheng changed his testimony and conceded that his father had been in the United States at the time of his arrest. The IJ was not

4

compelled to credit Zheng's evolving explanations for his false statements, i.e., that he was nervous, worried that his father's undocumented status would affect his asylum claim, missed his father, and wanted to protect his father. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)); *see also Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) ("We again reject the notion that a petitioner's claim that she was nervous and distracted during the credible fear interview automatically undermines or negates its reliability as a source of her statements.").

Having questioned Zheng's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). "We defer to the agency's determination of the weight afforded to an alien's

5

documentary evidence." *Y.C. v. Holder,* 741 F.3d 324, 332 (2d Cir. 2013). The agency was not required to credit Zheng's documentary evidence because his mother's letter contained a false statement, she was an interested witness not subject to cross-examination, and the authenticity of that letter and the other documents turned on Zheng's credibility. *Id.; see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding that unsworn letters from the alien's friends and family did not provide substantial support because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds, Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Given the demeanor finding, the inconsistencies and false statements, and the lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is

DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe,
                                Clerk of Court